IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-517-BO

| | |
|---|---|
| LADEANA PITTMAN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's Motion to Dismiss [DE 17]. Plaintiff

responded on December 15, 2011 [DE 23] and the Motion is ripe for adjudication. Because this

Court has subject matter jurisdiction over Plaintiff's claims and because Plaintiff has stated a

claim for which relief may be granted, Defendant's Motion to Dismiss is DENIED.

## BACKGROUND

Viewing the facts in a light most favorable to the plaintiff, as a court must on a motion to

dismiss:

On December 12, 2007, LaDeana Pittman, a recruit, traveled to the National Guard

Armory in Cumberland County, North Carolina, with Sargent First Class ("SFC") Tyrone Brown,

Specialist ("SPC") Quontavia McGeachy, and other recruits to take a practice Armed Services

Vocational Aptitude Battery (ASVAB) exam. Ms. Pittman was 17 years old at the time. After the

test, SPC McGeachy and SFC Brown and the students ate dinner together and then all of the

students, except for Ms. Pittman, were transported to their vehicle. SPC McGeachy and SFC

Brown took Ms. Pittman home. While en route to her home, SPC McGeachy purchased alcohol

and gave some to Ms. Pittman. SPC McGeachy and Ms. Pittman then engaged in sexual

intercourse while SFC Brown was present. SFC Brown was SPC McGeachy's superior and

supervisor during all relevant times. SFC Brown took no action to prevent SPC McGeachy from purchasing alcohol, providing it to a minor, or from engaging in sexual intercourse with a minor. Ms. Pittman alleges that she suffered injuries as a result of the sexual assault and seeks to recover money damages from the United States.

## DISCUSSION

### I. Federal Rule of Civil Procedure 12(b)(1)

As a threshold matter, a court must determine that it has jurisdiction before it can proceed to consider a matter on its merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Hawes v. United States*, 409 F.3d 213, 216 (4th Cir. 2005). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment." *Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks omitted).

Ms. Pittman brings this action under the Federal Tort Claims Act ("FTCA"), which gives federal district courts jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

The United States can only be sued to the extent that it consents to be sued. *See United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA waives the sovereign immunity of the

United States in particular instances. It does not waive sovereign immunity in all tort claims, however. Among other limitations, the Act provides that its grant of jurisdiction "shall not apply to ... [a]ny claim arising out of assault, battery" or other specified intentional torts. 28 U.S.C. § 2680(h).

The United States Supreme Court has held that not all claims that involve an assault or battery necessarily arise therefrom. *See Sheridan v. United States*, 487 U.S. 392, 400 (1988). In *Sheridan*, an obviously intoxicated off-duty serviceman fired several rifle shots into an automobile being driven by petitioners on a public street near the Bethesda Naval Hospital. The petitioners brought suit against the United States, alleging that their injuries were caused by the Government's negligence in allowing the serviceman to leave the hospital with a loaded rifle in his possession. Rejecting arguments that the petitioners' claim was barred by the intentional torts exception because it arose out of an assault or battery, the Court held that "the negligence of other Government employees who allowed a foreseeable assault and battery to occur may furnish a basis for Government liability that is entirely independent of [the serviceman]'s employment status." *Id.* at 401. Even though the serviceman's actions were unconnected with his job responsibility or duties as a government employee, the naval hospital employees were liable for failure to report the presence of the serviceman's firearm and for negligently providing care to the serviceman once that obligation was voluntarily undertaken.

Although the United States analogizes this case to *Bajkowski v. United States*, that case is inapposite because, unlike the instant case, the tortfeasor's negligent supervisors were not present at the time of the relevant assault. *See Bajkowski v. United States*, 787 F.Supp. 539 (E.D.N.C. 1991). In *Bajkowski*, a civilian brought an action against the United States under the FTCA, seeking to recover for injuries sustained when she was brutally beaten, stabbed, and assaulted by a

serviceman. Her theory of recovery alleged that the Army's independent negligence in reenlisting, retaining, and supervising the assailant caused the incident to occur. *Id.* at 540. In holding that the civilian's claim must be dismissed, the court recognized that *Sheridan* would control if the duty of the supervisor arose from the factual context immediately preceding the assault, as Ms. Pittman has alleged in this case, rather than exclusively from the employment relationship. Because this case more closely parallels the facts of *Sheridan*, its analysis controls the way this Court views the scope of the FTCA intentional torts exception.

In this case, Ms. Pittman does not claim damages for the assault or battery attributable to SPC McGeachy, but rather for the negligent supervision of McGeachy by SFC Brown. Therefore, subject matter jurisdiction exists, the FTCA intentional torts exception does not apply, and the traditional FTCA analysis must be applied to SFC Brown.

## II. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will succeed if a plaintiff fails to establish a "plausible" claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). In analyzing a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

In order to state a claim under the FTCA, Ms. Pittman must establish that SFC Brown (1) was a federal employee at the time of the incident, (2) acting within the scope of his office or employment, (3) under circumstances where a private person would be liable to the claimant. 28 U.S.C. § 1346(b).

## 1. Federal Employee

In order to state a claim under the FTCA, Ms. Pittman must establish that the negligent act

or omission was committed by a "federal employee" as defined within the meaning of the Act. 28 U.S.C. § 1346(b). Both parties concede that SFC Brown was a federal employee at the time of the assault.

## 2. Acting Within the Scope of His Office or Employment

The parties disagree as to whether the relevant putative tortfeasor, SFC Brown, was acting within the scope of his employment at the time of the incident. The scope of employment analysis in FTCA cases is decided by the law of the location of the negligent act or omission. *See* 28 U.S.C. § 2671; *Williams v. United States*, 350 U.S. 857 (1955). Because the relevant acts occurred in Cumberland County, North Carolina, the law of North Carolina applies. North Carolina law holds a principal liable for the tortious acts of its agent when the act is expressly authorized or the agent had implied authority from the principal. *West v. Woolworth Co.*, 1 S.E.2d 546 (N.C. 1939). SFC Brown was on recruiting orders pursuant to 32 U.S.C. § 503 between October 1, 2007 and September 30, 2008. At the time of the assault, SFC Brown and SPC McGeachy were using a government-owned vehicle ("GOV") to pick up several recruits and drive them to an ASVAB preparatory session. They took the recruits to dinner afterward, dropped all but Ms. Pittman off, and indicated that they would take Ms. Pittman home. Instead, they detoured to buy alcohol, allowed Ms. Pittman to drink the alcohol, and then SPC McGeachy engaged in sexual relations with her. Ms. Pittman alleges that SFC Brown was SPC McGeachy's immediate supervisor and under a duty to supervise his civilian recruiting officer. Taken as true, these facts present a plausible claim for relief on this element, allowing Ms. Pittman to survive the government's motion to dismiss. Further factual development is necessary to determine whether

SFC Brown was acting within the scope of his employment at the time of the assault[1], or whether the time spent with Ms. Pittman can legitimately be described as a "frolic," in which SFC Brown had effectuated a "total departure" from the course of his employer (the government)'s business. *McNair v. Lend Lease Trucks, Inc.*, 62 F.3d 651, 654 (4th Cir. 1995).

### 3. Under Circumstances Where a Private Person Would Be Liable

Ms. Pittman construes her claim as one for negligent supervision by SFC Brown, a tort claim recognized under North Carolina law. In North Carolina, evidence of negligent supervision by the supervisor of an employee can support a claim for negligent infliction of emotional distress. *Foster v. Crandell*, 638 S.E.2d 526 (N.C. Ct. App. 2007). Negligent infliction of emotional distress requires that (1) the individual engaged in negligent conduct; (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress; and (3) the individual's conduct, in fact, caused the plaintiff severe emotional distress. *Id.* at 537. As noted in *Crandell*, the question is not whether the improper sexual conduct at issue caused severe emotional distress, but rather whether evidence of a failure by SFC Brown to properly supervise SPC McGeachy meets that test. *Id.*

At this stage, viewing the facts in a light most favorable to the plaintiff, Ms. Pittman has sufficiently pleaded her allegations that SFC Brown owed a duty of care to her, as a National Guard recruit. She has adduced facts that her emotional distress was reasonably foreseeable because she was a minor, she was more than ten years younger than SPC McGeachy, she was

---

[1]The government notes that the North Carolina National Guard Recruiting and Retention Command, SFC Brown's employer, had a published policy prohibiting relationships, to include sexual relations, between its recruiting personnel and applicants. Although this fact would exempt the assault from the scope of SPC McGeachy's employment, it may indicate that SFC Brown had a supervisory duty to prevent this conduct by SPC McGeachy at the time of the assault.

intimidated by their apparent authority, and because she perceived them as "gate keepers to a career option which she desired strongly" [DE 4]. She has also alleged that she sought medical intervention as a result of the incident, which resulted in a diagnosis of severe depression that persisted for many months. Therefore, Ms. Pittman has alleged sufficient facts to state a claim upon which relief may be granted and to survive the government's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DE 17] is DENIED.

SO ORDERED, this the $\underline{13}$ day of January, 2012.

Terrence W. Hayle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE